TRAXLER, Circuit Judge,
concurring in the judgment.
I concur in the judgment affirming the district court’s exclusion of Ms. Lentz’s hearsay statements, although not because I believe their prejudicial effect outweighs their probative value under Fed.R.Evid. 403. Because I would hold that the statements, which are concededly inadmissible under the hearsay rule at Fed.R.Evid. 802, are not admissible under the exception contained in Fed.R.Evid. 804(b)(6), I would not reach the Rule 403 issue at all.
The “forfeiture by wrongdoing” exception to the general prohibition against hearsay provides that, “if [a] declarant is unavailable as a witness,” then “[a] statement offered against a party that has engaged or acquiesced in wrongdoing that was intended to, and did, procure the unavailability of the declarant as a witness” is “not excluded by the hearsay rule.” Fed. R.Evid. 804(b)(6). The government argues that because Lentz murdered Mrs. Lentz to prevent her from testifying in an upcoming family court proceeding, her statements are admissible in his trial for her murder under this exception. I disagree.
Obviously, the “forfeiture by wrongdoing” exception allows for the admission of witness statements in a proceeding if the witness was murdered to prevent him or her from testifying in that same proceeding. See United States v. Johnson, 219 F.3d 349, 356 (4th Cir.2000) (holding that the district court did not abuse its discretion in admitting statements of a murder victim under Rule 804(b)(6) in defendant’s trial for drug conspiracy and murder in aid of racketeering where the defendant “murdered [the witness] at least in part to procure the unavailability of the only witness to his murder of’ another man). Thus, for example, if Lentz murdered his wife to prevent her from testifying in their divorce and child custody proceedings, Mrs. Lentz’s statements would be admissible in a family court proceeding pertaining to their domestic issues (provided, of course, that the state has a similar state evidentiary rule). Like the district court, however, I am unwilling to extend the Rule 804(b)(6) exception to allow for the wholesale introduction of hearsay statements made by a murder victim against the defendant in the federal trial for the witness’s murder simply because the parties were involved in state court litigation at the time of the alleged murder. Rather, I interpret the Rule 804(b)(6) exception as being generally limited to the introduction of hearsay statements in the proceeding at which the deceased was expected by the assailant to testify.
Accordingly, I concur in a judgment to affirm the district court, but for a different reason. I would affirm the district court’s exclusion of the statements solely on the basis that the hearsay statements are not admissible under the forfeiture by wrongdoing exception. Because the government’s appeal is limited to the district court’s rulings under Fed.R.Evid. 804(b)(6) and Fed.R.Evid. 403, I express no opinion as to whether the statements might have been admissible under any other exception to the hearsay rule.